UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HERNANDEZ,<br><br>                 Plaintiff,<br><br>        vs.<br><br>TULARE COUNTY CORRECTIONAL<br>CENTER, et al.,<br><br>                 Defendants. | 1:16-cv-00413-AWI-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT PLAINTIFF'S<br>MOTION FOR REMAND BE DENIED<br>(ECF. No. 12.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY<br>DAYS |

## I.    BACKGROUND

This is a civil action filed by plaintiff Albert Hernandez ("Plaintiff"), a state prisoner proceeding *pro se*.  This action was initiated by civil Complaint filed by Plaintiff in the Tulare County Superior Court on January 11, 2016 (case #264158).  On March 25, 2016, defendant Corizon Health Services removed the case to federal court by filing a Notice of Removal of Action under 28 U.S.C. § 1441.  (ECF No. 1.)  On March 23, 2016, defendants Tulare County Correction Center and Sheriff Mike Boudreaux consented to the removal of the case.  (ECF No. 1-3.)

On May 9, 2016, Plaintiff filed a "Motion to Retain Venue," which the Court construes as a motion to remand this case to the Tulare County Superior Court.  (ECF No. 12.) Defendants have not opposed the motion.

## II.    REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal of an action

under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint, and a case is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citation omitted).

### *Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

## III.   PLAINTIFF'S MOTION FOR REMAND

Plaintiff moves the Court to remand this case to the Tulare County Superior Court, on the grounds of "Convenience of Witnesses and Promotion of the Ends of Justice CCP §396(b)." (ECF No. 12 at 3:1.) Plaintiff has submitted a list of prospective witnesses who reside in Tulare County, asserting that it would be burdensome and inconvenient to the witnesses if this case remains in federal court. (ECF No. 12 at 7.)

## IV.   DISCUSSION

As stated above, removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint. Gully, 299 U.S. at 112. The Court has reviewed Plaintiff's Complaint and finds claims which Plaintiff has based on violation of 42 U.S.C. § 1983, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 1-1 at 7.) This is sufficient to confer federal jurisdiction.[1] Plaintiff's arguments based on the

---

[1] Plaintiff also lodged an amended complaint on June 6, 2016, pursuant to 42 U.S.C. § 1983. (ECF No. 14.)

2

inconvenience of witnesses and the promotion of justice are not relevant to the question of jurisdiction.

Here, the nature of Plaintiff's Complaint on its face creates no doubt as to the right of removal in the first instance.  The Court finds that Plaintiff's Complaint plainly presents claims arising under federal law to warrant subject matter jurisdiction, and therefore the instant action implicates a federal interest sufficient to sustain removal of the action to the federal court.  Therefore, Plaintiff's motion for remand should be denied.

## V.    CONCLUSION AND RECOMMENDATIONS

The Court finds that federal jurisdiction exists over Plaintiff's Complaint, and the action is removable.   Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand, filed on May 9, 2016, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **August 18, 2016**                      /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE