1

2

3

4                          UNITED STATES DISTRICT COURT

5                    FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7    ALBERT HERNANDEZ                          No.  1:16-cv-00413-AWI-EPG

8              Plaintiff,                       ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS
9          vs.
                                                ORDER DENYING MOTION FOR REMAND
10   TULARE COUNTY CORRECTIONAL
     CENTER, et al.,                             (Doc. Nos. 12, 17)

11

12

13            Defendants.

14       This is a civil action filed by plaintiff Albert Hernandez ("Plaintiff"), a state prisoner

15   proceeding *pro se*.  This action was initiated by civil Complaint filed by Plaintiff in the Tulare

16   County Superior Court on January 11, 2016 (case #264158).  On March 25, 2016, defendant

17   Corizon Health Services removed the case to federal court by filing a Notice of Removal of

18   Action under 28 U.S.C. § 1441.  Doc. No. 1.  On March 23, 2016, defendants Tulare County

19   Correction Center and Sheriff Mike Boudreaux consented to the removal of the case.  Doc. Nos.

20   1, 2, 3.

21       On May 9, 2016, Plaintiff filed a "Motion to Retain Venue," which was construed as a

22   motion to remand this case to the Tulare County Superior Court.  Doc. No. 12.  Plaintiff seeks a

23   remand on the grounds of "Convenience of Witnesses and Promotion of the Ends of Justice CCP

24   §396(b)."  Id.  Plaintiff has submitted a list of five prospective witnesses who reside in Tulare

25   County, asserting that it would be burdensome and inconvenient to the witnesses if this case

26   remains in federal court.  See id. at p. 7.  These witnesses all appear to be inmates within the

27   California Department of Corrections.  See id.

28

                                                1

1    On August 19, 2016, the Magistrate Judge filed a Findings and Recommendation

2 ("F&R"), in which she recommended that Plaintiff's motion be denied.  Doc. No. 17.  The F&R

3 found that the Complaint alleged claims under 42 U.S.C. § 1983 for violation of federal

4 constitutional rights.  See id.  The F&R concluded that, because there was a federal question

5 present, this Court had subject matter jurisdiction and that remand was improper.  See id.

6    On September 8, 2016, Plaintiff filed an objection to the F&R.  Doc. No. 19.  Plaintiff

7 reasserts that venue is more appropriate in Tulare County due to the convenience of the witnesses

8 and the promotion of the ends of justice.  See id.  Plaintiff also states that the filing of his "motion

9 to retain venue" in Tulare County was delayed by the Tulare County Superior Court clerk, who

10 later responded to Plaintiff's filing by stating that the Superior Court no longer had jurisdiction to

11 hear the motion.  See id.  Plaintiff asserts that this violated his due process rights.  See id.

12    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a

13 *de novo* review of this case.

14    First, to the extent that Plaintiff is contending that subject matter jurisdiction is lacking, he

15 is incorrect.  The Complaint's second cause of action expressly cites and relies on 42 U.S.C. §

16 1983 and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.  See

17 Doc. No. 1-1.  By alleging a claim under § 1983 (a federal statute), a federal question is present

18 within the Complaint, which means that this Court has federal question jurisdiction.  See

19 Williams v. Ragnone, 147 F.3d 700, 702-03 (8th Cir. 1998).

20    Second, Plaintiff is relying California Code of Civil Procedure § 369(b).  That section

21 reads, "If the superior court lacks jurisdiction of an appeal or petition, and a court of appeal or the

22 Supreme Court would have jurisdiction, the appeal or petition shall be transferred to the court

23 having jurisdiction upon terms as to costs or otherwise as may be just, and proceeded with as if

24 regularly filed in the court having jurisdiction."  Cal. Code Civ. P. § 396(b).  This statute has no

25 application to this case because this case is no longer in the California state court system, and this

26 Court is not a California superior court.  Because this case is now in the federal system, any

27 possible remand or transfer is governed by federal law.  Plaintiff's citation to and reliance on

28 California Code of Civil Procedure § 396(b) is improper and unavailing.

2

1    Third, assuming that Plaintiff is attempting to obtain a remand through the doctrine of

2    *forum non conveniens* (because he discusses inconvenience to witnesses), he cites no authority

3    that has applied the doctrine in a situation like this case.  Further, Plaintiff's showing of

4    inconvenience is limited to listing five witnesses, each of whom is a prison inmate.  Simply

5    listing these five names does not demonstrate inconvenience.  This is especially true since Tulare

6    County is within the Fresno Division of the Eastern District of California.

7    Fourth, there is no due process issue from Plaintiff's attempt to file documents in the

8    Tulare County Superior Court after removal.  Once Defendants filed a notice of removal with the

9    Tulare County Superior Court, the case was removed to this Court and the Tulare County

10   Superior Court was divested of jurisdiction.  See 28 U.S.C. § 1446(d); Resolution Trust Corp. v.

11   Bayside Developers, 43 F.3d 1230, 1238 (9th Cir. 1994).  Additionally, Plaintiff was not harmed

12   by his erroneous attempt because his motion to remand has been fully considered in this Court.

13   Having carefully reviewed the entire file, the Court finds that Plaintiff's objections are

14   without merit.  Therefore, Plaintiff's objections are overruled.

15

16   Accordingly, IT IS HEREBY ORDERED that:

17   1.    The August 19, 2016, Findings and Recommendation (Doc. No. 17) is ADOPTED;

18   2.    Plaintiff's motion for "remand" (Doc. No. 12) is DENIED; and

19   3.    This matter is referred to the Magistrate Judge for further proceedings.

20

21   IT IS SO ORDERED.

22   Dated:   November 15, 2016                   _____
                                                  SENIOR  DISTRICT  JUDGE

23

24

25

26

27

28

3