UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>TULARE COUNTY CORRECTION CENTER, *et al*.,<br><br>        Defendants. | Case No. 1:16-cv-00413-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S RULE 37(E) MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF ELECTRONICALLY STORED INFORMATION<br><br>(ECF No. 55) |

**I.     INTRODUCTION**

Albert Hernandez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion for sanctions pursuant to Rule 37(e) of Federal Rules of Civil Procedure concerning defendants' failure to preserve electronically-stored information ("ESI").  There is no dispute that defendants failed to preserve relevant videos and photographs that should have been preserved in anticipation of and after receiving notice of litigation.  However, the parties dispute whether the defendants acted with the intent to deprive plaintiff of the information's use in the litigation and whether there was any prejudice to Plaintiff from loss of the information.  For the following reasons, the Court answers both questions in the negative and denies Plaintiff's motion for sanctions.

\\\

1

## II. ALLEGATIONS IN COMPLAINT

Plaintiff alleges that on April 21, 2015, he was pre-trial detainee at Tulare County Correctional Center ("Tulare County") and was in the process of being transported to a court hearing. Upon arriving back at Tulare County following the hearing, Plaintiff was subjected to a body search on a newly purchased x-ray scanning machine. Plaintiff was instructed to remove his shoes and proceed through the x-ray scanner. Plaintiff told Tulare County officers that he has chronic disabilities in the form of a hip injury and diabetes, and he asked to have his waist and ankle shackles removed. The officers refused the request and ordered Plaintiff to pick up his shoes and proceed through the scanner. Because Plaintiff could not bend down to pick up his shoes, another detainee offered assistance.

When Plaintiff attempted to step through the x-ray scanning machine, the chain on his ankle shackles caught on a steel plate in the machine, causing Plaintiff to trip and fall face first on top of an elevated steel platform. Plaintiff had no ability to lessen the impact of the fall because his hands were constrained in his waist shackles. He suffered injuries to his lip, head (right side temple), and teeth. Plaintiff claims that he was denied medical attention and treatment for the wound.

## III. BACKGROUND

On January 11, 2016, Plaintiff filed a personal injury lawsuit in the Superior Court of Tulare County, California against defendants Tulare County Correctional Center, Sheriff Mike Boudreaux, and Corizon Health Services ("Corizon"). (ECF No. 1-1 at 3.) He alleges constitutional violations pursuant to 42 U.S.C. § 1983, as well as state law claims for general negligence and intentional torts. (*Id*. at 5, 7.) The defendants removed the case to federal court on March 25, 2016. Consents to the jurisdiction of the undersigned judge have been signed by all parties. (ECF Nos. 7, 38.)

On August 15, 2017, Plaintiff filed a motion to compel claiming that Tulare County failed to preserve relevant videos and photos. (ECF No. 51.) In a discovery hearing held on September 13, 2017, counsel for Tulare County confirmed that relevant ESI had, in fact, been mistakenly deleted by Tulare County officials and could not be replaced. The motion to

compel was denied because there was nothing to produce. Instead, Plaintiff was instructed on the procedure to file a motion for sanctions pursuant to Rule 37(e) of the Federal Rules of Civil Procedure.

Plaintiff filed the instant motion for sanctions on September 22, 2017. (ECF No. 55.) He requests monetary sanctions and entry of default judgment based upon Tulare County's intentional deprivation of relevant evidence and serious prejudice suffered to his case that cannot be cured. (*Id*. at 10.) In support of his motion, Plaintiff submits a declaration attesting as follows:

1. The incident giving rise to the Complaint occurred on April 21, 2015, (ECF No. 55 at 12-13 ¶ 2);
2. On May 22, 2015, Plaintiff requested a claim form from the Tulare County Board of Supervisors concerning the April 21, 2015 incident, (*Id*. at 12-13 ¶ 4);
3. On June 1, 2015, Plaintiff submitted the claim to Tulare County, (*Id*.);
4. On June 18, 2015, the Tulare County Board of Supervisors rejected the claim, (*Id*.);
5. On January 11, 2016, Plaintiff filed a lawsuit in Tulare County Superior Court, (*Id*. at 13 ¶ 5);
6. On March 10, 2016, Plaintiff served his first requests for production upon the parties, which included a request for the photos and videos relating to the incident, (*Id*. at 13 ¶ 6);
7. On March 14, 2016, all defendants were served with summons and a copy of the Complaint, (*Id*. at 13 ¶ 5); and
8. On March 30, 2016, the defendants filed a notice of removal to federal court, (*Id*. at 13 ¶ 7).

Plaintiff also attaches exhibits to his motion, including letters from Tulare County Counsel dated May 22, 2015 (*Id*. at 16) and June 18, 2015 (*Id*. at 17) regarding Plaintiff's claim.

Tulare County has filed a response in opposition arguing that the loss of the ESI was inadvertent and does not prejudice Plaintiff. (ECF No. 57.) Tulare County attaches two

declarations to its opposition. The first declaration is from Captain Cheri Lehner, Tulare County Sheriff's Department, and provides, in pertinent part, as follows:

> 5. It is the policy and practice of the Tulare County Sheriff's Department (TCSD) to preserve all potentially relevant evidence when put on notice of actual or anticipated litigation. Once the Tulare County Risk Department receives a claim, a notice is sent to the appropriate County Department. For claims involving TCSD, once the notice is received, the responsible Captain identifies persons and evidence which must be retained. Further notice is sent when a Complaint is filed, and action is taken by the responsible Captain again.
>
> 6. On June 12, 2015, on behalf of the Tulare County Sheriff's Department, Captain Tom Sigley identified relevant documents and data to include the booking information, Incident report, photos associated with the Incident, grievance documents, and all medical records. These records were all stored electronically. To the best of TCSD's knowledge all items were preserved.
>
> 7. TCSD's customary practice is to pull and preserve any relevant video surveillance related to a claim. In this matter TCSD inadvertently did not identify any video surveillance as possibly relevant evidence because there was no dispute that Plaintiff had fallen while shackled and received medical attention as documented in the incident report.
>
> 8. At the time of the Incident, Deputy Hall took seven (7) photographs of Mr. Hernandez and the scanner, then provided the memory card to Sergeant Rodriguez. TCSD does not know whether the missing photographs were lost before or after Mr. Hernandez submitted his claim to the County.
>
> 9. The three photos that were located were also taken by Deputy Hall, however with a different memory card that was provided to Sergeant Stamper who successfully uploaded the photos into the Digital Crime Scene Database.
>
> 10. TCSD was served with the Summons and Complaint on March 21, 2016. In response to the follow-up notice received, on behalf of TCSD I again identified all potentially relevant documents and data to include the documents and information stated above: booking information and jacket; Incident report, photographs associated with the Incident, all grievances, and all medical information; all electronically stored.
>
> 11. In gathering the information identified, TCSD first learned that some of the photographs taken relating to the Incident had not been downloaded into the Crime Scene Database system as required at the time of the report, and the memory card had since been lost.

> 12. TCSD performed a diligent search for the lost memory card as well as for the photos in the Digital Crime Scene Database, however the photos could not be located.

(ECF No. 57-1 ¶¶ 5-12.)

The second declaration is from Sergeant Gilbert Rodriguez, Tulare County Sheriff's Department, and provides, in pertinent part, as follows:

> 6. Shortly after the [April 21, 2015 incident concerning Plaintiff's fall], Deputy Michelle Halle took seven (7) digital photographs of Mr. Hernandez's injuries. Deputy Hall provided me with the digital photo card to download the photos into the Digital Crime Scene Database. It wasn't until April 2016, when I reviewed the initial report at the request of County Counsel that I realized I had failed to download the photos noted in the incident report #15-5003.
>
> 7. The digital photo cards are very small and are easily lost. The digital photo card containing seven (7) digital photos of Mr. Hernandez's injuries was inadvertently lost in 2015.
>
> 8. A diligent search was performed, however the photos could not be located.
>
> 9. Mr. Hernandez was seen by medical staff (medical and dental) at the time of the incident and photos were taken. Mr. Hernandez was cleared to be returned to his cell.
>
> 10. The video of the incident was not preserved due to the fact that there was not a dispute to Mr. Hernandez falling on April 21, 2015.

(ECF No. 57-2.)

Plaintiff has filed a reply in support of his motion. (ECF No. 70.) A motion hearing was held on January 30, 2018, wherein the Court heard argument and took the motion for sanctions under advisement.

**IV. APPLICABLE LEGAL STANDARD**

"As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (citations omitted). Federal Rule of Civil Procedure 37(e) provides for the imposition of sanctions when a party to litigation fails to properly preserve ESI. *See* Fed. R. Civ. P. 37(e) (West 2018). It was amended in 2015

"to address concerns that parties were incurring burden and expense as a result of overpreserving data, which they did because they feared severe spoliation sanctions, especially since federal circuits had developed varying standards for penalizing the loss of evidence." *CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 495 (S.D.N.Y. 2016) (citing the 2015 advisory committee's notes to Rule 37(e)).

Rule 37(e), as amended, is applicable when ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). The rule then provides for two, distinct sets of remedial measures in subdivisions (e)(1) and (e)(2) as follows:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Subdivision (e)(1) applies only "upon finding prejudice to another party from loss of the information." Fed. R. Civ. P. 37(e)(1). The Court has the discretion to determine whether the loss of the information is prejudicial; neither party carries a burden of proving or disproving prejudice. *Id*. (Committee Notes on Rules - 2015 Amendment). "An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." *Id*. (Committee Notes on Rules - 2015 Amendment). Once a finding of prejudice is made, the court may issue a sanction "no greater than necessary to cure the prejudice." *Id*. "The range of such measures is quite broad," and "[t]here is no all-purpose hierarchy of the severity of various measures; the severity of given measures must be calibrated

in terms of their effect on the particular case." *Id*. (Committee Notes on Rules - 2015 Amendment).

Subdivision (e)(2) applies "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation," and "authorizes courts to use specified and very severe measures to address or deter failures to preserve [ESI]." Fed. R. Civ. P. 37(e)(2) (Committee Notes on Rules - 2015 Amendment). "It is designed to provide a uniform standard in federal court for use of these serious measures when addressing failure to preserve [ESI" and "rejects cases such as *Residential Funding Corp. v. DeGeorge Financial Corp*., 306 F.3d 99 (2d Cir. 2002), that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence." *Id*. (Committee Notes on Rules - 2015 Amendment). Such adverse-inference instructions "may tip the balance at trial in ways the lost information never would have" and should only be deployed upon a finding of intentional conduct; "[n]egligent or even grossly negligent behavior does not logically support such inferences." *Id*. (Committee Notes on Rules - 2015 Amendment). Negligent conduct is better addressed within the framework of subdivision (e)(1). *See id*. (Committee Notes on Rules - 2015 Amendment).

Courts should use caution in deploying Rule 37(e)(2) remedial measures upon finding an intent to deprive another party of the lost information's use in the litigation. *See id*. (Committee Notes on Rules - 2015 Amendment). The remedial measures are not limited to those in Rule 37(e)(2)(A)-(C); the "remedy should fit the wrong, and the severe measures authorized by this subdivision should not be used when the information lost was relatively unimportant or lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss." *Id*. (Committee Notes on Rules - 2015 Amendment).

**V.     DISCUSSION**

It is undisputed that after Plaintiff's injury occurred on April 21, 2015, and Tulare County received notice of Plaintiff's potential claim one or two months later. There is no dispute that relevant, electronically stored photos and videos existed at some point following the April 15, 2015 incident, and that Tulare County staff was unable to locate the ESI after

7

being served with process and requests for production in March 2016. Finally, there is no dispute that the relevant ESI cannot be located, restored or replaced through additional discovery. Therefore, Rule 37(e) is applicable here by its terms. *See* Fed. R. Civ. P. 37(e) (applicable when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery").

However, the parties disagree as to whether: 1) Tulare County acted with the intent to deprive plaintiff of the information's use in the litigation; and 2) there was any prejudice to Plaintiff from loss of the information.

### A. Intent to Deprive – Rule 37(e)(2)

Tulare County misplaced a memory card containing relevant photos and failed to preserve a video of the April 21, 2015 incident giving rise to the Complaint. As an initial matter, the declarations submitted by Tulare County indicate the loss of the memory card containing relevant photos was inadvertent, and there is no contrary evidence that would suggest that the failure to preserve the photos was the result of anything other than Tulare County's negligence. Thus, the Court cannot conclude under Rule 37(e)(2) that Tulare County "acted with the intent to deprive" Plaintiff of the use of the photos in this case. *See* Fed. R. Civ. P. 37(e)(2).

With respect to the video evidence, Tulare County has submitted sworn statements from its agents indicating that it is Tulare County's "customary practice is to pull and preserve any relevant video surveillance related to a claim." (ECF No. 57-1 ¶ 7.) However, with respect to this case, it "inadvertently did not identify any video surveillance as possibly relevant evidence because there was no dispute that Plaintiff had fallen while shackled and received medical attention as documented in the incident report." (*Id.*) Thus, it appears that Tulare County agents determined that the video was not within the scope of this lawsuit, which resulted in its failure to preserve the video.

There can be no doubt that the failure of Tulare County to preserve the video due to a relevance evaluation was a result of an erroneous breakdown of its preservation policies and

practices. It cannot reasonably be disputed that a video of the incident giving rise to the Complaint is relevant to Plaintiff's claim and that Tulare County had an obligation to preserve the information. The declarations provided in opposition to the motions for sanctions did not provide support for Tulare County's failure.

While the Court is troubled by the the failure to preserve the relevant video,[1] there is no indication from the evidence in the record that Tulare County acted with intent to deprive Plaintiff of use of the video in this case. Upon consideration of the evidence in the record, it appears that this failure was a result of Tulare County either being misinformed about the relevant scope of this litigation or that the staff responsible for the preservation were poorly trained. However, the record does not contain any evidence suggesting that the failure to preserve the video was a result of bad faith or intent to deprive.[2]

Under these circumstances, Rule 37(e)(2) and its severe remedial measures are inapplicable. Fed. R. Civ. P. 37(e)(2). *See also, e.g., State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 720 (9th Cir. 2005) (overturning district court's $50,000 discovery sanction for failure to preserve relevant records where there was no evidence supporting the conclusion that the sanctioned party intentionally destroyed records with knowledge that the records were relevant to the litigation).

### B. Prejudice to Plaintiff – Rule 37(e)(1)

Plaintiff argues that the loss of the video was highly prejudicial to his case because it contained actual video footage of the facts alleged in his Complaint. For example, the video would have shown that Plaintiff was required to wear shackles while passing through the x-ray scanner while other detainees were unshackled. Plaintiff also suggests that the video would have shown him informing correctional staff that he had a disability and that staff ignored that information. The video would have shown that other detainees assisted Plaintiff with his shoes and after he fell. Finally, the video would have shown Plaintiff falling face first after passing

---

[1] Tulare County counsel informed the Court at oral argument that it is reviewed its preservation practices/policies and changes have been made so that does not happen again.

[2] The Court does not find Plaintiff's statements and argument submitted concerning alleged harassment by Tulare County agents as persuasive evidence of bad faith or intent to deprive of use of the lost information.

9

through the scanner, the resulting injuries, and the response to the injuries from medical personnel.

Tulare County does not dispute that: 1) Plaintiff was in shackles and other detainees were not; 2) Plaintiff tripped and fell when stepping onto the platform of the body scanner; or 3) others assisted Plaintiff to his feet after he fell. Additionally, the video surveillance in question does not capture sound so the footage would not have been helpful regarding Plaintiff's allegations that he informed correctional staff about his disability and the information was ignored. Tulare County has produced relevant documents in this case, including photos of Plaintiff's injuries, which will assist Plaintiff in prosecuting his case. Plaintiff has also located eye-witnesses of the April 21, 2015 incident, who have reportedly agreed to provide testimony in support of his case. These factors ameliorate the prejudice suffered by Plaintiff as a result of the loss of the information at issue.

Even if there were still some remaining prejudice to Plaintiff after evaluation of these factors, the Court finds any remaining prejudice was sufficiently cured by the Court's January 31, 2018 Order directing the defendants to produce additional information to Plaintiff (ECF No. 73). Defendants have been ordered to produce information concerning Plaintiff's purported disability status at the time of the incident. Tulare County has been ordered to provide information that will assist Plaintiff in locating addition percipient witnesses. Corizon Health Services has also been ordered to produce relevant medical information concerning the medical response to Plaintiff's injuries.

Because the Court does not find prejudice under these circumstances, Rule 37(e)(1) sanctions are inappropriate. *See* Fed. R. Civ. P. 37(e)(1) (remedial measures appropriate only "upon finding prejudice to another party from loss of the information"). *See also, e.g., Letterman v. Burgess*, No. 5:12-CV-06136-NKL, 2014 WL 12606484, at *3–4 (W.D. Mo. Feb. 21, 2014) (denying motion for sanctions due to lack of prejudice to plaintiff's prisoner civil rights case after prison video footage was lost or destroyed); *In re Pfizer Inc. Sec. Litig.*, 288 F.R.D. 297, 316 (S.D.N.Y. 2013) (declining to impose discovery sanctions where prejudice was not found and citing cases for the principle that "a court should never impose spoliation

sanctions of any sort unless there has been a showing—inferential or otherwise—that the movant has suffered prejudice").

### VI. CONCLUSION

For the forgoing reasons, Plaintiff's motion for sanctions (ECF No. 55) is DENIED.

IT IS SO ORDERED.

Dated: **February 7, 2018**

/s/ Eric P. Grosj

UNITED STATES MAGISTRATE JUDGE