UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TULARE COUNTY CORRECTION CENTER, *et al*.,<br><br>    Defendants. | Case No. 1:16-cv-00413-EPG (PC)<br><br>ORDER DENYING IN PART AND GRANTING IN PART REQUEST TO SEAL<br><br>(ECF No. 84)<br><br>ORDER DIRECTING CORIZON TO FILE REDACTED DOCUMENTS ON THE DOCKET WITHIN 14 DAYS |

    Albert Hernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the Court on Defendant Corizon Health, Inc.'s ("Corizon") Request to Seal documents filed in relation to its motion for summary judgment (the "Request").

    "Documents may be sealed only by written order of the Court, upon the showing required by applicable law." CAED-LR 141. "In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public." *Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("The purpose of the federal discovery rules, as pointed out in *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451, is to force a full disclosure.") "As a general rule, the public is permitted 'access to litigation documents and

information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir.2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir.1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.")). A party requesting to seal documents related to a dispositive motion, such as a motion for summary judgment, must demonstrate "compelling reasons" to overcome the presumption of public access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (explaining once the documents are made part of a dispositive motion, they lose the protected status enjoyed in discovery "without some overriding interests in favor of keeping the discovery documents under seal").

Here, Corizon requests that the following documents be sealed because they contain the personal health information of Plaintiff, which is confidential pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"):

(1) Medical records attached to the Declaration of Robert Malone as Exhibit "1;"

(2) Grievance records attached to the Declaration of Robert Malone as Exhibit "2;"

(3) Declaration of Stephanie Willett, R.N.;

(4) Declaration of Patricia Dotson, FNP-C;

(5) Declaration of Michael Roper, FNP-C;

(6) Memorandum in Support of Corizon's Motion for Summary Judgment; and

(7) Corizon's Separate Statement of Undisputed Material Facts in Support of Motion for Summary Judgment.

(ECF No. 84.)

The Court denies Corizon's request to seal the entirety of these documents, including the motion for summary judgment memorandum and separate statement. The Court does not find compelling reasons for the entire contents of the documents to be filed under seal. Therefore, the Court will order that Corizon file redacted versions of all documents on the docket within 14 days. Corizon shall only redact information that specifically falls within the

definition of "protected health information" in the Code of Federal Regulations. *See* 45 C.F.R. § 160.103.  Pursuant to the Local Rules, unredacted documents shall be filed under seal. Corizon shall email the unredacted version of the document to ApprovedSealed@caed.uscourts.gov for filing under seal.[1]

The Court will grant Corizon's request to redact specific medical records or references to confidential medical information at this time, using the procedure described above.

Given that the information concerns Plaintiff's medical records, and Plaintiff has put his medical condition at issue, it is likely that Plaintiff will agree to publication of even the medical information.  Plaintiff may file a notice that he does not object to publication of the full documents.  If Plaintiff files such a notice, Corizon shall file the entirety of the documents within 10 days of such a notice.

IT IS SO ORDERED.

Dated: __March 12, 2018__         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/submission-of-sealed-documents/