UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TULARE COUNTY CORRECTION CENTER,<br><br>　　　　Defendants. | Case No. 1:16-cv-00413-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 86) |

  Albert Hernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 12, 2017, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 86).

  According to Plaintiff, he needs counsel appointed because of his indigence, his imprisonment, his learning disability, his lack of education and competency, and his inability to access a traditional law library and other legal resources. Plaintiff also indicates that he has shown that he has a reasonable opportunity to succeed on the merits in this case.

  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

1

U.S.C. § 1915(e)(1), <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, while there have been some issues, based on the record in this case it appears that Plaintiff can adequately articulate his claims and respond to court orders.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **March 15, 2018**           /s/ *Erin P. Groj*
           UNITED STATES MAGISTRATE JUDGE